1

2

3

4

5

6

7              UNITED STATES DISTRICT COURT

8            CENTRAL DISTRICT OF CALIFORNIA

9                   WESTERN DIVISION

10

11  GLADYS ESQUIVEL,                    )  No. ED CV 10-00864-VBK
                                        )
12                  Plaintiff,          )  MEMORANDUM OPINION
                                        )  AND ORDER
13       v.                             )
                                        )  (Social Security Case)
14  MICHAEL J. ASTRUE,                  )
    Commissioner of Social             )
15  Security,                           )
                                        )
16                  Defendant.          )
    _____)

17

18       This matter is before the Court for review of the decision by the

19  Commissioner of Social Security denying Plaintiff's application for

20  disability benefits.  Pursuant to 28 U.S.C. §636(c), the parties have

21  consented that the case may be handled by the Magistrate Judge.  The

22  action arises under 42 U.S.C. §405(g), which authorizes the Court to

23  enter judgment upon the pleadings and transcript of the Administrative

24  Record ("AR") before the Commissioner.  The parties have filed the

25  Joint Stipulation ("JS"), and the Commissioner has filed the certified

26  AR.

27       Plaintiff raises the following issues:

28       1.   Whether  the Administrative Law Judge ("ALJ") properly

1          complied with the order of the Appeal Council; and

2     2.    Whether there is a DOT inconsistency in the ALJ's holding

3          that Plaintiff can perform the jobs of kitchen helper,

4          packager and cleaner.

5  (JS at 3.)

6

7     This Memorandum Opinion will constitute the Court's findings of

8  fact and conclusions of law.  After reviewing the matter, the Court

9  concludes that for the reasons set forth, the decision of the

10 Commissioner must be reversed.

11

12                                 I

13  **THE ISSUE OF WHETHER THE ALJ COMPLIED WITH THE ORDER OF REMAND OF**

14  **THE APPEALS COUNCIL IS NOT WITHIN THE JURISDICTION OF THIS COURT.**

15     **ALTERNATIVELY, THE ALJ DID NOT FAIL TO DEVELOP THE RECORD.**

16     Plaintiff contends in her first issue that the ALJ did not

17 properly comply with the Order of the Appeals Council remanding the

18 case to the Administrative Law Judge. (JS at 3, et seq., citing AR

19 105-106.)

20     Following issuance of a decision by the ALJ on August 18, 2008,

21 the Appeals Council issued an Order remanding the case to the ALJ for

22 further hearing.  The Appeals Council ordered that upon remand, the

23 Administrative Law Judge will, among other things, do the following:

24          "Obtain    additional    evidence    concerning    the

25      [Plaintiff's] mood disorder/depression in order to complete

26      the administrative record in accordance with the regulatory

27      standards regarding consultative examinations and existing

28      medical evidence (20 CFR 404.1512-1513).  The additional

1    evidence should include updated treatment records from Dr.

2    Nakai and Patricia Jennings, the treating marriage and

3    family therapist, and updated records from Dr. Pham.  The

4    additional evidence may include, if warranted and available,

5    a consultative mental status examination with psychological

6    testing and medical source statements about what the

7    [Plaintiff] can still do despite the impairments."

8  (AR 105-106.)

9

10   Plaintiff specifically complains that the ALJ failed to obtain

11 additional updated treatment records from Dr. Nakai and Patricia

12 Jennings, the treating marriage and family therapist, and updated

13 records from Dr. Pham.

14   In his decision following the remand directive from the Appeals

15 Council (AR 8-17), the ALJ cited and relied upon a report that had

16 been obtained following the Appeals Council Order by Dr. Bagner, on

17 September 13, 2009. (AR 580-583.) Dr. Bagner had performed a complete

18 psychiatric evaluation on that date at the request of the Department

19 of Social Services.  The ALJ adopted Dr. Bagner's findings as

20 "generally consistent with the residual functional capacity found

21 herein." (AR 14.)

22   Following this decision, Plaintiff requested review by the

23 Appeals Council (AR 4), which on April 22, 2010 denied review (AR 1-

24 3.)

25   As framed, Plaintiff's issue is not justiciable by this Court.

26 When the Appeals Council denied Plaintiff's request for review of the

27 ALJ's decision, that decision became the final decision of the

28 Commissioner, subject to judicial review.  See 42 U.S.C. § 405(g).

1  Federal courts have jurisdiction only to review final decisions of

2  administrative agencies.  Thus, when the Appeals Council denied review

3  of the ALJ's second decision, and made that decision final, by doing

4  so it declined to find that the ALJ had not complied with its remand

5  instructions.  See Tyler v. Astrue, 3005 Fed.Appx. 331 (9th Cir. 2008);

6  Thompson v. Astrue, 2010 WL 2991488 (C.D. Cal. 2010).

7       If Plaintiff's claim is construed as an argument that the ALJ

8  failed to develop the record, it still fails.  As noted, the ALJ did

9  obtain a complete consultative psychiatric evaluation following

10 remand.  Consequently, there was no failure to develop evidence

11 regarding Plaintiff's mental impairment.

12      Plaintiff's first issue is therefore deemed without merit.

13

14                              **II**

15          **THIS CASE MUST BE REMANDED FOR FURTHER HEARING**

16   **TO ADDRESS AN INCONSISTENCY BETWEEN THE JOBS IDENTIFIED**

17      **AT STEP FIVE OF THE SEQUENTIAL EVALUATION PROCESS**

18        **AND PLAINTIFF'S RESIDUAL FUNCTIONAL CAPACITY**

19      A vocational expert ("VE") testified at the second hearing, which

20 occurred on February 2, 2010. (AR 20-44.)  The ALJ posed a

21 hypothetical question to the VE which incorporated certain functional

22 limitations assessed by Dr. To, who performed an independent internal

23 medicine evaluation at the request of the Department of Social

24 Services on August 15, 2009. (AR 574-579.)  One of those functional

25 restrictions, which the ALJ incorporated in the hypothetical question,

26 contained a restriction from working with "heavy and moving

27 machineries." (See also AR 13, note 5.)  Considering this

28 hypothetical, the VE identified three jobs which Plaintiff could

1  perform: cook's helper; hand packager; and industrial cleaner. (AR

2  43.)  As Plaintiff points out, and the Commissioner does not dispute,

3  each of these jobs are identified by Dictionary of Occupational Titles

4  ("DOT") codes which contain job descriptions, and each of these job

5  descriptions involves working with machinery which might be construed

6  as heavy and/or moving machinery.  For example, the cook's helper job

7  (DOT Code 317.687-010) entails "clean[ing], cut[ting]; and grind[ing]

8  meats, poultry and seafood."  The second job, hand packager (DOT Code

9  920.587-018), entails the following: "starts, stops, and regulates

10 speed of conveyer."  Finally, the third job, that of industrial

11 cleaner (DOT Code 381.687-018), might require a worker to clean

12 conveyers, pick up refuse by cutting grass or shoveling snow, operate

13 an industrial truck to transport materials within a plant, start pumps

14 to force cleaning solution through machinery, and start pumps to

15 lubricate machines.

16      Plaintiff cites the Ninth Circuit case of Pinto v. Massanari, 249

17 F.3d 847 (9th Cir. 2001) for its holding that in order for an ALJ rely

18 on job description in the Dictionary of Occupational Titles that fails

19 to comport with a claimant's noted limitation, the ALJ must

20 definitively explain this deviation.  Further, Plaintiff argues that

21 under Ninth Circuit precedent, an ALJ "may rely on expert testimony

22 which contradicts the DOT, but only insofar as the record contains

23 persuasive evidence to support the deviation." (JS at 14, citing Light

24 v. Social Security Administration, 119 F.3d 1428, 1435.

25      The Commissioner puts forth a two-part argument.  First, that

26 there is no deviation between the identified jobs and Plaintiff's

27 residual functional capacity ("RFC"), because the DOT only lists the

28 maximum requirements of jobs as generally performed, not the range of

1  requirements of a particular job as performed in specific settings.

2  (JS at 17, citing Social Security Ruling ("SSR") 00-4p.)  Second,

3  Plaintiff argues that the job descriptions contained in the DOT do not

4  entail the use of dangerous equipment, or, specifically, heavy and

5  moving machinery.  For the following reasons, the Court rejects both

6  of these contentions.

7     First, as to the issue of deviation from the DOT descriptions,

8  the Ninth Circuit's decision in Massachi v. Astrue, 486 F.3d 1149 (9th

9  Cir. 2007) addressed this issue in the context of interpreting SSR 00-

10 4p.  As Massachi makes clear, SSR 00-4p provides unambiguous guidance

11 which requires the adjudicator to discharge an affirmative

12 responsibility to ask about any possible conflict between VE evidence

13 and information provided in the DOT. (Id. at 1152.)  As Massachi

14 noted, these procedural requirements "ensure that the record is clear

15 as to why an ALJ relied on a vocational expert's testimony,

16 particularly in cases where the expert's testimony conflicts with the

17 [DOT]." (Id. at 1153.)  The DOT descriptions of each of the three

18 identified jobs in this case clearly entail the use of heavy and/or

19 moving machinery, such as conveyer belts, pumps, grinders, and the

20 like.  The Commissioner's argument that the use of such machinery is

21 only a maximum requirement of a job as it is generally performed, is

22 a question which should have been submitted to the VE.   The

23 Commissioner does not have the expertise of a vocational expert, and

24 thus cannot provide such evidence.  That is the point of the opinion

25 in Massachi.   There is a possible deviation here between the job

26 requirements and Plaintiff's RFC, and that must be explained by expert

27 testimony.  At the second hearing, the ALJ did not ask the VE whether

28 there was or might be a variance between the identified jobs in the

6

1  DOT and the functional limitations set forth in the hypothetical

2  question.  This has created a gap in the evidence which cannot be

3  filled by speculation.  Further, the Commissioner's interpretation of

4  Plaintiff's argument is incorrect.  She does not argue that the issue

5  is whether she can operate what the Commissioner calls "dangerous

6  equipment."  Rather, Plaintiff sticks to the RFC as defined by the ALJ

7  which precludes her from operating heavy and moving machinery.  These

8  questions must be resolved on remand by expert testimony.

9        For the foregoing reasons, this matter is remanded for further

10  hearing consistent with this Memorandum Opinion.

11        **IT IS SO ORDERED**.

12

13  DATED: February 28, 2011                    /s/
                                        VICTOR B. KENTON
14                                      UNITED STATES MAGISTRATE JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7